UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TERRANCE E. WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>NNCC, et. al.,<br><br>Defendants. | Case No. 3:22-CV-00531-ART-CLB<br><br>REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1] |

On December 1, 2022, Plaintiff Terrance E. Williams ("Plaintiff"), an inmate in the custody of the Nevada Department of Corrections ("NDOC") submitted a civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1-1). Plaintiff neither paid the full filing fee nor submitted an inmate application to proceed *in forma pauperis*. Therefore, on December 6, 2022, the Court ordered Plaintiff to do so by on or before February 6, 2023. (ECF No. 3).

Ultimately, on February 6, 2023, Plaintiff filed an application an inmate application to proceed *in forma pauperis*. (ECF No. 6.) Shortly thereafter, Plaintiff filed a supplement to his application on April 5, 2023. (ECF No. 8.) The supplement returned to the Court as "undeliverable" the following day, indicating Plaintiff was no longer housed at the Ely State Prison. (ECF No. 9.) The Court subsequently screened Plaintiff's complaint, which was also returned to the Court as "undeliverable" on May 18, 2023. (ECF No. 12.) A review of the NDOC's inmate database revealed Plaintiff was no longer incarcerated with the NDOC.

Based on the above, the Court ordered Plaintiff to: (1) update his with the Court; and (2) pay the filing fee or to file a non-inmate application proceed *in forma pauperis* by

---

[1] This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

no later than June 23, 2023. (ECF No. 13.) To date, Williams has not updated his address nor has he paid the filing fee or filed a non-inmate application to proceed *in forma pauperis*.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See*

*Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a Court's warning to a party that his failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

The Court's May 22, 2023 order expressly stated: "If Plaintiff fails to timely comply with this order, the case will be subject to dismissal without prejudice." (ECF No. 13 at 2.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, it is recommended that this action be dismissed without prejudice based on Plaintiff's failure to update his address and for his failure pay the filing fee or file a fully complete non-inmate application to proceed *in forma pauperis* in compliance with this Court's May 22, 2023 order. (ECF No. 3).

The parties are advised:

1.  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.  This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

///

///

///

///

///

I.  RECOMMENDATION

For the reasons stated above, **IT IS RECOMMENDED** that this action be **DISMISSED** without prejudice; and,

**IT IS FURTHER RECOMMENDED** that the Clerk of Court **ENTER JUDGMENT** accordingly.

DATED: July 19, 2023.

_____
**UNITED STATES MAGISTRATE JUDGE**